IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER WM. BOYD, SR. ) | |
| ) | Civil Action No. 06 - 148J |
| Plaintiff, ) | |
| ) | Chief Judge Donetta W. Ambrose / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| RICK HOOVER, Counselor; DAN STRUM, M.S. Psychological; CHRIS DANISON, Unit Manager, ) | Doc. No. 1 |
| Defendants. | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that this Court's Order granting Plaintiff's motion to proceed in forma pauperis (doc. no. 2) be vacated, all monies paid by Plaintiff to the clerk of court in this action be returned to Plaintiff, that Plaintiff's motion to proceed in forma pauperis (doc. no. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee within sixty (60) days.

II.   REPORT

Plaintiff, Walter Wm. Boyd, Sr., a prisoner presently confined at the State Correctional Institution at Cresson, Pennsylvania, commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. On July 7, 2006, Plaintiff filed a Motion to Proceed In Forma Pauperis (IFP) in this action

(doc. no. 1). On July 19, 2006, this Court granted Plaintiff's Motion to Proceed IFP in the current action (doc. no. 2). Subsequently, this Court discovered that Plaintiff has had at least three prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Consequently, this Court is required to review Plaintiff's action under the new directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records indicate that

Plaintiff has had more than three prior actions dismissed for failure to state a claim upon which relief may be granted.

Specifically, in Boyd v. Motto, et al., Civil Action No. 01-445 (W.D. Pa.), Plaintiff's action was dismissed for failure to state a claim by Order dated November 14, 2001 (doc. no. 28). In Boyd v. Imhof, et al., Civil Action No. 04-206 (W.D. Pa.), Plaintiff's action was dismissed for failure to state a claim by Order dated March 27, 2006 (doc. no. 33). In Boyd v. Lloyd, Civil Action No. 03-210 (W.D. Pa.), Plaintiff's complaint was dismissed pre-service for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) by Order dated April 9, 2003 (doc. no. 3). In Boyd v. Hall, et al., Civil Action No. 99-1487 (W.D. Pa.), Plaintiff's complaint was dismissed pre-service for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) by Order dated February 29, 2000 (doc. no. 9).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v.

3

Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86.  The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending.  By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.  The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical injury caused by Defendants' alleged misconduct.  Accordingly, Plaintiff's motion to proceed IFP should not have been granted under the three strikes rule in 28 U.S.C. § 1915(g).

III.    CONCLUSION

Based on the discussion above, it is respectfully recommended that this Court's Order granting Plaintiff's motion to proceed in forma pauperis (doc. no. 2) be vacated, all monies paid by Plaintiff to the clerk of court in this action be returned to Plaintiff, that Plaintiff's motion to proceed in forma pauperis (doc. no. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee within sixty (60) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                    Lisa Pupo Lenihan
                    U.S. Magistrate Judge

Dated:  January 26, 2007

cc:  The Honorable Donetta W. Ambrose
     United States District Judge

     Walter Wm. Boyd, Sr.
     EA - 6059
     SCI Cresson
     P.O. Box A
     Cresson, PA  16699

     Office of the Attorney General
     5th Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA 15219